**NOT FOR PUBLICATION**

                        UNITED STATES DISTRICT COURT
                            DISTRICT OF NEW JERSEY

| | |
|---|---|
| VINCENT W. GLAZEWSKI, | |
| Plaintiff, | No. 23cv3948 (EP) (AME) |
| v. | |
| PHILLIP D. MURPHY, *et al.*, | **OPINION** |
| Defendants. | |

**PADIN, District Judge.**

Plaintiff Vincent W. Glazewski, a civil detainee in the Special Treatment Unit ("STU") in Avenel, New Jersey proceeding *in forma pauperis* ("IFP"), D.E. 5, brings a complaint against New Jersey Governor Phillip D. Murphy; New Jersey Department of Corrections ("NJDOC") Commissioner Victoria Kuhn; New Jersey Department of Health ("NJDOH") Commissioner Doe; New Jersey Attorney General Matthew Platkin; Carl J. Herman, Joseph E. Krakora, and Michael Mangels from the Public Defender's Office; Deputy Attorney General Cindi Collins; Adult Diagnostic and Treatment Center ("ADTC") Administrator Robert Chetirkin; ADTC Director of Mental Health Doreen Stanzione; and several unidentified STU officers and administrators.

For the reasons below, the Court will permit the Complaint to seek a commitment review hearing from Matthew Platkin in his official capacity as the New Jersey Attorney General. The Court will **DISMISS** the remaining claims and defendants.

**I.      LEGAL STANDARD**

The Prison Litigation Reform Act ("PLRA") requires a district court to *sua sponte* screen a civil complaint filed by a prisoner proceeding IFP for cognizable claims and to dismiss any claim

that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from suit. 28 U.S.C. § 1915(e)(2).

To survive a *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the plaintiff's claims are facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"The Court must accept all facts in the complaint as true, draw all reasonable inferences in the prisoner's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim." *Durham v. Kelley*, 82 F.4th 217, 223 (3d Cir. 2023). Moreover, "[c]omplaints filed *pro se* should be construed liberally and held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

II.     ANALYSIS

Plaintiff was committed to the STU on April 12, 2019, pursuant to New Jersey's Sexually Violent Predator Act ("SVPA"), N.J.S.A. § 30:4-27.24 et seq. Compl. ¶ 31. He alleges that he has not had any commitment hearings since his arrival at the STU. *Id.* ¶¶ 40-42. The Complaint does not set forth individual causes of action and broadly alleges violations of the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments. Compl. ¶ 27. The Court uses the "Request for Recompense" section of the Complaint as a guide for interpreting the claims raised. *Id.* at 50.

### A. Plaintiff May Not Recover Damages from Defendants in Their Official Capacities

Plaintiff indicates that "all defendants are being sued in their individual . . . and official capacity." *Id.* These claims against defendants in their official capacities are not viable because they enjoy Eleventh Amendment sovereign immunity and are excluded from § 1983's definition of "person." "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, the Eleventh Amendment bars any damages claim against defendants in their official capacities.

### B. Plaintiff Has Not Stated Claims Against the Supervisory Defendants

Plaintiff names Governor Murphy, Commissioner Kuhn, NJDOH Commissioner Doe, Administrator Chetirkin, Public Defender Herman, and the ADTC Assistant Administrator ("Supervisory Defendants") as defendants based on their supervisory roles. Compl. ¶¶ 3-5, 10-11. He alleges they have "oversight" of the NJDOC and NJDOH as well as the STU and its employees.

"[] Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal*, 556 U.S. at 676. "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* "Individual defendants who are policymakers may be liable under § 1983 if it is shown that such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm.'" *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (quoting *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 725 (3d Cir. 1989)) (alteration in original). A supervisor may also "be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had

3

knowledge of and acquiesced in [their] subordinates' violations." *Id.* Plaintiff has not satisfied the pleading standard for either theory of supervisory liability.

Plaintiff has not alleged facts that plausibly allege the Supervisory Defendants personally directed or had actual knowledge of the facts alleged in the Complaint. He states that they were "kept informed as to the occurrences" and "were advised of the illegal acts of their officers and their subordinates," but does not provide specific facts to support this claim. Compl. ¶¶ 3-5, 7, 169. "Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). "Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement." *Smith v. Superintendent T. Mcginley, et al.*, 2024 WL 2725041 (M.D. Pa. May 28, 2024) (citing *Rode*, 845 F.2d at 1208). The Complaint lacks factual support for Plaintiff's assertion that the Supervisory Defendants either personally directed their employees' actions or knew, and acquiesced in, those actions.

Additionally, "[i]ndividual defendants who are policymakers may be liable under § 1983 if it is shown that such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm.'" *Luzerne*, 372 F.3d at 586 (quoting *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 725 (3d Cir. 1989)) (alteration in original). "A plaintiff must also allege that the policy or custom was the 'proximate cause' of his injuries. He may do so by demonstrating an 'affirmative link' between the policy or custom and the particular constitutional violation he alleges." *Est. of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019). "Claims alleging a failure to train, failure to discipline, or failure to supervise are a subset of . . . policy or practice liability." *Womack v.*

4

*Moleins*, 2015 WL 420161, at *3 (D.N.J. Jan. 30, 2015) (citing *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *rev'd on other grounds sub nom.*, 575 U.S. 822 (2015)).

"[F]ailure to train may amount to deliberate indifference where the need for more or different training is obvious, and inadequacy very likely to result in violation of constitutional rights." *Carter v. City of Philadelphia*, 181 F.3d 339, 357 (3d Cir. 1999). "A plaintiff sufficiently pleads deliberate indifference by showing that (1) municipal policymakers know that employees will confront a particular situation[,] (2) the situation involves a difficult choice or a history of employees mishandling[,] and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Est. of Roman*, 914 F.3d at 798 (quoting *Doe v. Luzerne County*, 660 F.3d 169, 180 (3d Cir. 2011)) (alterations in original). Plaintiff has not alleged facts that reasonably suggest the Supervisory Defendants knew their employees would confront a particular situation involving a difficult choice that could cause the deprivation of constitutional rights. The Court will **DISMISS** ***without prejudice*** the claims against the Supervisory Defendants for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

### C. Joseph Krakora And Michael Mangels Must Be Dismissed as They Are Not "Persons" Subject To Suit

Plaintiff seeks relief from Joseph Krakora and Michael Mangels from the Office of the Public Defender for their actions in representing him during his original commitment proceedings in 2019. Compl. ¶ 8.[1] To state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). However, "public defenders are not state

[1] Though listed in the caption as a defendant, there are no factual allegations against Joseph Krakora in the Complaint.

actors under § 1983 when they 'perform[ ] a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.'" *Rambert v. Dist. Att'y Philadelphia*, 2022 WL 205416, at *1 (3d Cir. Jan. 24, 2022) (alteration in original) (quoting *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)). The same is true when public defenders represent people in civil proceedings. *See, e.g.*, *Rieco v. Hebe*, 633 F. App'x 567, 569 (3d Cir. 2015) (affirming dismissal of § 1983 claims against attorneys appointed to represent plaintiff in family court); *Thomas v. Howard*, 455 F.2d 228, 229-30 (3d Cir. 1972) (*per curiam*) (holding attorney was not state actor because he "was performing his duties solely for [plaintiff], to whom he owed the absolute duty of loyalty, as if he were a privately retained attorney"); *Graham v. Main*, No. 10-5027, 2011 WL 2412998, at *26 (D.N.J. June 9, 2011) (dismissing civil detainee's § 1983 claims against public advocacy attorney).

Mangels was performing his duties as a public defender in representing Plaintiff during the original commitment proceedings. *See* Compl. ¶¶ 45-49. Accordingly, the Court will **DISMISS with prejudice** Plaintiff's claims against Krakora and Mangels for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

D. **Matthew Platkin And Cindi Collins Are Immune from Suit For Damages**

Plaintiff seeks relief from two state prosecutors, New Jersey Attorney General Matthew Platkin and Deputy Attorney General Cindi Collins over the civil commitment proceedings. Compl. ¶¶ 6, 9. They are immune from suit for monetary damages.[2] "[P]rosecutors are generally immune from liability for damages in actions brought pursuant to § 1983." *Jones v. Farnan*, 842 F. App'x 731, 732 (3d Cir. 2021) (per curiam). "Although prosecutorial immunity is not unlimited in scope, it clearly applies when . . . prosecutors are acting in the role of advocates on behalf of the

---

[2] The Court will allow Plaintiff to seek injunctive relief from Platkin in his official capacity, as discussed *infra* Section II.H.

6

state." *Id.* Here, Platkin and Collins were acting as advocates on behalf of the State of New Jersey in seeking Plaintiff's civil commitment. Compl. at 42. They are therefore entitled to absolute immunity, at least from Plaintiff's request for damages. *Jones*, 842 F. App'x at 732; *see also Smith v. Shorstein*, 217 F. App'x 877 (11th Cir. 2007) (per curiam) (prosecutors who initiated confinement of state prisoner under Involuntary Civil Commitment of Sexually Violent Predators Act were entitled to absolute prosecutorial immunity). Therefore, the Court will **DISMISS *with prejudice*** Plaintiff's damages claims against Platkin and Collins. 28 U.S.C. § 1915(e)(2)(B)(iii).

### E. Plaintiff Has Not Stated a Claim For Relief Based On COVID-19

Plaintiff seeks damages for the time he spent in quarantine after he tested positive for COVID-19. Compl. at 50-51. He alleges that he tested positive for COVID-19 twice and did not receive any treatment other than a temperature check once a day. *Id.* at 48. He states he was quarantined for 14 days in July 2020 and 14 days in January 2023. *Id.* ¶¶ 57, 77. He also avers that Stanzione has been "spreading falsehoods that the therapy rooms are safe" and falsely claiming that an environmental study had been conducted. *Id.* ¶¶ 12, 54.

Plaintiff's claims relating to the conditions of confinement in 2020 are barred by the statute of limitations. *Id.* ¶¶ 74-77. New Jersey's two-year limitations period for personal injury governs Plaintiff's complaint, but the accrual date of a § 1983 action is determined by federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "A section 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. of Delaware v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998). "The determination of the time at which a claim accrues is an objective inquiry; we ask not what the plaintiff actually knew but what a reasonable person should have known." *Kach v. Hose*, 589

F.3d 626, 634 (3d Cir. 2009). "Although the statute of limitations is an affirmative defense, a court may dismiss claims *sua sponte* if a time-bar is obvious from the face of the complaint and no further development of the record is necessary." *Demby v. Cnty. of Camden*, 2021 WL 4957002, at *1 (3d Cir. Oct. 26, 2021) (citing Fed. R. Civ. P. 8(c)), *cert. denied sub nom. Demby v. Cty. of Camden, NJ*, 2022 WL 516244 (U.S. Feb. 22, 2022).

Plaintiff was aware of the conditions at the STU in July 2020 and knew that he had been placed into quarantine. Therefore, he had two years to file a complaint based on those conditions. This Complaint was not filed until July 2023, a year too late. Plaintiff's claims about his 2020 quarantine are barred by the statute of limitations.

To the extent the Complaint challenges the conditions of confinement related to the COVID-19 pandemic after 2020, which the Court construes to include those against Stanzione, Plaintiff has not stated a claim for relief. "[B]ecause civil commitment is not punishment, the hardships of civil confinement cannot be punitive; they must 'bear some reasonable relation to the [nonpunitive] purpose for which persons are committed.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 283 (D.N.J. 2013) (alteration in original) (quoting *Seling v. Young*, 531 U.S. 250, 265 (2001)). If detainees "are subject to conditions unrelated to a legitimate governmental objective, we may infer that the purpose of the governmental action is punishment that may not be constitutionally inflicted upon detainees *qua* detainees." *Hope v. Warden York County Prison*, 972 F.3d 310, 326 (3d Cir. 2020) (cleaned up). Courts must "consider the totality of the circumstances of confinement, including any genuine privations or hardship over an extended period of time, and whether conditions are (1) rationally related to their legitimate purpose or (2) excessive in relation to that purpose." *Id.* (citing *Hubbard v. Taylor*, 399 F.3d 150, 159-60 (3d Cir. 2005) ("*Hubbard I*")).

Plaintiff's exposure to COVID-19 does not establish a constitutional violation, and the "complaint, as drafted, does not establish that his conditions of confinement amounted to unconstitutional punishment rather than good faith efforts to reduce the spread of COVID." *Graham v. Aviles*, 2022 WL 16949131, at *4 (D.N.J. Nov. 14, 2022) (citing *Hope*, 972 F.3d at 329-30). Neither the STU nor Stanzione was required to completely eliminate the risk of exposure to comply with constitutional mandates. *See Hope*, 972 F.3d at 330. "'[A] particular measure amounts to punishment when there is a showing of express intent to punish on the part of detention facility officials, when the restriction or condition is not rationally related to a legitimate non-punitive government purpose, or when the restriction is excessive in light of that purpose.'" *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007) (quoting *Rapier v. Harris*, 172 F.3d 999, 1005 (7th Cir. 1999)). Nothing in the Complaint reaches this standard. The Court will **DISMISS** ***without prejudice*** these claims for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

**F. Plaintiff Has Not Stated Conditions of Confinement Claims for Noise and Lights**

Plaintiff also seeks compensation for the third-shift officers "knocking, banging, tapping, hitting, kicking, or wiggling" his cell door at night "to see the Plaintiff move . . . ." and for the officers shining flashlights into his cell at night. Compl. at 50. Plaintiff has not alleged facts showing these actions are unconstitutional punishment rather than actions related to the legitimate governmental objective of ensuring the STU residents are accounted for and safe at night. *See Bell v. Wolfish*, 441 U.S. 520, 539 (1979) ("[I]f a particular condition . . . is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'"); *Sims v. Piazza*, 462 F. App'x 228, 232-33 (3d Cir. 2012) (finding there was a legitimate government interest in illuminating cells at night "for safety and security needs"). Plaintiff has not pled facts that the use of flashlights or knocking on Plaintiff's door crosses the line into unconstitutional

punishment. The Court will **DISMISS** *without prejudice* these claims against the John and Jane Doe third-shift officers for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

### G. Plaintiff Has Not Stated A Claim for Job Loss

Plaintiff also seeks compensation for "the time missed from working due to the fact that DOH therapist placed the Plaintiff on [therapy refusal] without proper authority or knowledge of the Plaintiff's status of criminal charges." Compl. at 50. He alleges that he has been on therapy refusal status since May 31, 2022. *Id.* ¶ 65. According to other paragraphs in the Complaint, he refuses to enter the therapy rooms "until they are made safe," *id.* ¶ 101, but he later states he "did not refuse therapy." *Id.* ¶ 195. However, "the fact that the STU denies [a resident] a job because he refuses treatment is not a violation of his constitutional rights." *Aruanno v. Corzine*, 687 F. App'x 226, 230 (3d Cir. 2017) (per curiam). Therefore, the Court will **DISMISS** *without prejudice* these claims for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

### H. Plaintiff's Due Process Claim May Proceed for Injunctive Relief Only

Plaintiff's final claim that the Court can discern alleges false imprisonment. Compl. at 50. He alleges that he has been held in the STU improperly since April 19, 2019 without a final commitment hearing or the required annual reviews. *Id. See* N.J.S.A. §§ 30:4-27.35, 27.31. The Court will **DISMISS** Plaintiff's claims for damages because the persons alleged to be responsible for the initial civil commitment, Matthew Platkin and Cindi Collins, are immune from suit for monetary damages. Compl. ¶¶ 6, 9; *see supra* Section II.D. The Court liberally construes the Complaint as seeking injunctive relief in the form of a review hearing.

The Court cannot invalidate Plaintiff's civil commitment pursuant to § 1983 as that relief may only be pursued in a habeas corpus action. *Aruanno v. New Jersey*, 2023 WL 7547734, at *1 (3d Cir. Nov. 14, 2023) ("[C]hallenges to the fact or duration of confinement, made either

explicitly or by necessary implication, strike at the 'core of habeas corpus' and can be made only through the vehicle of a federal habeas petition."). However, the Court may review Plaintiff's claims that he has been denied due process by the failure to conduct annual review hearings in a civil rights action. *Id.* at *2 (holding that "claims — which seek to vindicate processes and not to effectuate a change in custody — are properly construed as arising under § 1983 than habeas."); *see also Addington v. Texas*, 441 U.S. 418, 425 (1979) ("[C]ivil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection."). This kind of injunctive relief would not necessarily result in a change to the duration of Plaintiff's confinement because it would only give him the opportunity "to persuade the state court that he should be released." *Aruanno*, 2023 WL 7547734, at *2.

The Eleventh Amendment does not bar suits against state officials seeking prospective equitable relief for ongoing violations of federal law. *Pennsylvania Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002) (citing *MCI Telecomm. Corp. v. Bell Atl. Pennsylvania*, 271 F.3d 491, 502 (3d Cir. 2001); *Ex parte Young*, 209 U.S. 123, 159–60 (1908)). If Plaintiff's allegations are true, he is being denied due process of law. Therefore, the Court will permit the Complaint to seek injunctive relief, *i.e.*, a commitment review hearing, from Matthew Platkin in his official capacity as the New Jersey Attorney General.

### III. CONCLUSION

For the reasons stated above, the Court will permit the Complaint to seek a commitment review hearing from Matthew Platkin in his official capacity as the New Jersey Attorney General. Any other claims and defendants are **DISMISSED**. An appropriate Order follows.

7/16/2024

Date

Evelyn Padin, U.S.D.J.